FILED
2010 SEP 20 PM 12: 14
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| ASSOCIATION CONCERNED OVER RESOURCES AND NATURE, INC., | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 1-10 0085 |
| CITY OF MOUNT PLEASANT, TENNESSEE, | ) ) ) ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff Association Concerned Over Resources and Nature, Inc., by and through counsel, allege as follows:

### NATURE OF THE CASE

1. This is a citizen's suit, brought pursuant to Section 505(a)(1) of the federal Clean Water Act ("CWA" or "the Act"), as amended, 33 U.S.C. § 1365(a)(1), to address violations of the Act by Defendant City of Mount Pleasant, Tennessee ("Mount Pleasant") arising out of its operation of the Mount Pleasant Sewage Treatment Plant ("STP") and lagoon system and associated spray fields. Defendant Mount Pleasant has, in its operation of the STP and lagoon system and associated spray fields, repeatedly violated, and continues to violate, the terms and conditions of its National Pollutant Discharge Elimination System ("NPDES") permit issued pursuant to 33 U.S.C. § 1342 for operation of the STP, as well as discharging pollutants from its lagoon and spray fields without authorization under an NPDES permit in violation of the CWA. Plaintiff seeks a declaratory judgment, injunctive relief, the imposition of civil penalties, and the

award of costs, including attorney and expert witness fees, for Defendant Mount Pleasant's repeated and ongoing violations of the CWA and further seeks to compel compliance with Mount Pleasant's NPDES Permit and the Act.

## JURISDICTION

2. This Court has subject matter jurisdiction over the CWA claims set forth in this Complaint pursuant to Section 505(a) of the CWA, 33 U.S.C. § 1365(a), and 28 U.S.C. § 1331.

3. Plaintiff has complied with the pre-suit notice provisions of the CWA. Pursuant to Section 505(b)(1)(A) of the CWA, 33 U.S.C. § 1365(b)(1)(A), Plaintiff, on May 19, 2010 mailed a notice of intent to file suit under the CWA to address the violations at the Mount Pleasant STP and lagoon system and associated spray fields to the Mayor and Interim City Manager of Defendant Mount Pleasant, the Administrator of the U.S. Environmental Protection Agency ("EPA"), the Regional Administrator of the EPA, the Director of the Tennessee Department of Environment and Conservation ("TDEC"), and the United States Attorney General ("May Notice"). [Attached as Exhibit "A" and incorporated by reference herein]. The May Notice complied with 33 U.S.C. § 1365(b)(1)(A) and with 40 C.F.R. Part 135, Subpart A. More than 60 days have passed since the May Notice was served on Defendant and these agencies.

4. EPA has not commenced and is not diligently prosecuting a civil or criminal action in a court of the United States to redress the violations of the CWA by Defendant Mount Pleasant. In addition, TDEC has not commenced and is not diligently prosecuting a civil or criminal action in a state court to redress the violations of the Act by Mount Pleasant under a state enforcement scheme comparable to the enforcement provisions of the Act. Tennessee's

water pollution enforcement scheme is not comparable to the enforcement provisions of the Act. *Jones v. City of Lakeland*, 224 F.3d 518 (6th Cir. 2000).

5. In addition, EPA has not commenced an administrative penalty action under Section 309(g) of the CWA, 33 U.S.C. § 1319(g), to redress the violations of the CWA by Defendant Mount Pleasant. Furthermore, Plaintiff served notice of this citizen suit prior to any administrative penalty action taken by TDEC with regard to any of the violations claimed in this suit, and this suit is being filed prior to the expiration of 120 days from the service of Plaintiff's 60-day notice on Defendants. Therefore, pursuant to 33 U.S.C. § 1319(g)(6)(B)(ii), the limitations on citizen suits contained in 33 U.S.C. § 1319(g)(6)(A) do not apply to this suit.

6. Plaintiffs will, immediately upon receipt of a file stamped copy of this Complaint, mail a copy of this Complaint to the Administrator of the Environmental Protection Agency, the Regional Administrator of the EPA Region in which the violations are alleged to have occurred, and the Attorney General of the United States.

7. Venue is appropriate in the Middle District of Tennessee, pursuant to Section 505(c) of the CWA, 33 U.S.C. § 1365(c), because the source of the violations is located within this judicial district.

## PARTIES

8. Plaintiff Association Concerned Over Resources and Nature, Inc. ("ACORN") is a nonprofit corporation organized under the laws of Tennessee with its principal office in Columbia, Tennessee. ACORN was organized in or about 2000 to, among other reasons: to educate the public about the threats to the environment and public health in Mount Pleasant; to advocate for reduction in water pollution and air pollution in Mount Pleasant; to educate the public about land use decisions and their impacts on the environment, public health, community

3

character and property values in Mount Pleasant; and to advocate for more sustainable land use decisions in Mount Pleasant. ACORN has members who own property and reside downstream from the STP discharge on Sugar Fork Creek, as well as Quality Creek. Members of ACORN also fish and recreate downstream from the STP discharge and Quality Creek. Members of ACORN have been and will be directly and substantially injured in their use and enjoyment of their property and in their recreational and aesthetic enjoyment of waters downstream from the STP discharge as a direct result of Mount Pleasant's violations of the CWA. The relief sought in this case would provide redress for these injuries. Additionally, because these injuries are being caused by pollution of waters of the United States, these injuries fall within the zone of interests protected by the CWA.

9. Plaintiff ACORN is a "citizen" within the meaning of 33 U.S.C. §§ 1365(g) and 1365(a).

10. Defendant City of Mount Pleasant, Tennessee ("Mount Pleasant") is an incorporated municipality located in Maury County, Tennessee, where it operates the Mount Pleasant STP, lagoon system, and associated spray fields. The Mount Pleasant STP is covered by Tennessee NPDES Permit No. TN0020800, which authorizes Mount Pleasant to discharge treated domestic wastewater from Outfall 001 to Sugar Fork Creek at mile 1.9.

11. Defendant Mount Pleasant is a "person" within the meaning of 33 U.S.C. § 1362(5) and 1365(a)(1).

## STATUTORY BACKGROUND

12. Section 301(a) of the Clean Water Act, 33 U.S.C. § 1311(a), prohibits the discharge of pollutants from a point source into waters of the United States unless the discharge is in compliance with various enumerated sections of the Act. Among other things, Section

4

301(a) prohibits such discharges not authorized by, or in violation of the terms of, a NPDES permit issued pursuant to Section 402 of the Act, 33 U.S.C. § 1342.

13. The State of Tennessee has been delegated the authority to implement the permitting programs of the Act by EPA, including the NPDES permit program, pursuant to 33 U.S.C. § 1342(b). TDEC is the water pollution control agency for purposes of the Act, and has drafted regulations pursuant to that authority implementing the Act's permitting programs within the State of Tennessee. *See* Tenn. Code Ann. § 69-3-105(h)(1).

14. A violation of an NPDES permit issued by TDEC is a violation of the Tennessee Water Quality Control Act of 1977, Tenn. Code Ann. §§ 69-3-101, *et seq.*, TDEC rules, including Chapter 1200-4-5, and the federal Clean Water Act.

15. A citizen suit, pursuant to 33 U.S.C. § 1365(a)(1), may be brought for violations of the terms of NPDES permits, as well as for discharges of pollutants from a facility into waters of the United States without a valid NPDES permit. 33 U.S.C. § 1365(f).

## GENERAL ALLEGATIONS

16. Defendant Mount Pleasant operates a STP, lagoon system and associated spray fields in Maury County, Tennessee. Operation of the STP is governed by the terms and conditions contained in NPDES Permit No. TN0020800 ("NPDES Permit"), which authorizes Defendant Mount Pleasant to discharge treated domestic wastewater from Outfall 001 to Sugar Fork Creek at mile 1.9.

17. Sugar Fork Creek is waters of the State of Tennessee, and "waters of the United States" as that term is used in the CWA and as it has been interpreted by the federal courts. Sugar Fork Creek is designated by the State of Tennessee for use as industrial water supply, fish and aquatic life, and recreation.

18. Sugar Fork Creek is a continuously flowing stream forming geographic features depicted on United States Geological Survey topographical maps.

19. Discharge of pollutants into Sugar Fork Creek can significantly affect the chemical, physical, and biological integrity of navigable in fact waters downstream.

20. Sugar Fork Creek is listed by TDEC as not meeting its designated uses, pursuant to Section 303(d) of the CWA, 33 U.S.C. § 1313(d), due to pollution caused by the STP discharge.

21. Part 2.3.1. of the NPDES Permit states that "[A]ll discharges shall be consistent with the terms and conditions of this permit. Any permit noncompliance constitutes a violation of applicable state and federal laws …"

22. As demonstrated by Defendant Mount Pleasant's own certified Discharge Monitoring Reports ("DMRs") submitted to TDEC, Mount Pleasant has, between January of 2006 and March of 2010, consistently violated the terms and conditions of its NPDES Permit and the federal Clean Water Act, by. Amongst other violations, violating effluent limitations set forth in the NPDES Permit, and by the occurrence of prohibited overflows of its sewage collection system.

23. TDEC, following inspections of the Mount Pleasant STP, issued Notices of Violation ("NOV") to Defendant Mount Pleasant on, amongst other occasions, September 23, 2008, and March 11, 2010, for violation of the NPDES Permit. The March 11, 2010 NOV is a part of the May Notice which is attached hereto and incorporated by reference herein. Despite the issuance of these NOVs, Defendant Mount Pleasant has continued to violate the terms of its NPDES Permit.

24. The May Notice, which is attached hereto as Exhibit "A, sets out a detailed list of violations by Defendant Mount Pleasant of its NPDES Permit between January of 2006 and March of 2010 in regards to its operation of the STP. The May Notice and the detailed list of violations are incorporated by reference as if fully set forth herein.

25. The violations listed in the May Notice relating to Defendant Mount Pleasant's operation of the STP are continuing and ongoing, or are likely to recur, as of the date this Complaint is being filed.

26. In or about late 2008, Defendant Mount Pleasant began pumping sewage into two lagoons, a treatment lagoon and an effluent storage lagoon, and then applying the effluent onto approximately twenty (20) spray fields ("lagoons and associated spray fields"). The lagoons and associated spray fields are located within close proximity to Quality Creek.

27. Quality Creek is waters of the State of Tennessee, and "waters of the United States" as that term is used in the CWA and as it has been interpreted by the federal courts. Quality Creek is designated by the State of Tennessee for use as domestic water supply, industrial water supply, fish and aquatic life, and recreation.

28. Quality Creek is a continuously flowing stream forming geographic features depicted on United States Geological Survey topographical maps.

29. Discharge of pollutants into Quality Creek can significantly affect the chemical, physical, and biological integrity of navigable in fact waters downstream.

30. Part 2.1.4 of the NPDES Permit states, in pertinent part, that:

> [T]he permittee shall at all times properly operate and maintain all facilities and systems (and related appurtenances) for collection and

treatment which are installed or used by the permittee to achieve compliance with the terms and conditions of this permit.

31. The proper operation and maintenance of Defendant Mount Pleasant's lagoons and associated spray fields is governed by the terms of State Operating Permit No. SOP-04021 ("SOP"), which was issued to Defendant Mount Pleasant in late 2007 and became effective on December 1, 2007.

32. The SOP establishes the standards for proper operation and maintenance of the lagoons and associated spray fields, which are a part of the Mount Pleasant collection system.

33. Following inspections of the lagoons and associated spray fields, TDEC issued NOVs to Defendant Mount Pleasant on January 27, 2010, and March 11, 2010. These NOVs are part of the May Notice which is attached hereto and the NOVs, as well as the violations noted therein, are incorporated by reference herein. Despite the issuance of these NOVs, Defendant Mount Pleasant has continued to violate the terms of its NPDES Permit and the SOP.

34. As set forth in the May Notice and the NOVs attached thereto, Defendant Mount Pleasant has, without an NPDES Permit authorizing such discharges, discharged sewage from the lagoons and/or associate spray fields into Quality Creek on at least the following occasions:

   a. May 22, 2009;

   b. January 11, 2010 – continuing;

   c. February 1, 2010 – February 28, 2010;

   d. February 16, 2010 – continuing;

   e. March 3, 2010 – continuing.

35. As set forth in the May Notice and the NOVs attached thereto, Defendant Mount Pleasant has failed to properly operate and maintain the lagoons and associated spray fields in violation of the NPDES Permit by:

   a. Failing to report at least three leaks/overflows in the lagoon and associated spray fields in violation of Part I, Section D6 of the SOP;

   b. By operating spray fields 17, 18, 19 and 20 in a manner that will allow the discharge of sewage to Quality Creek, causing a condition of pollution in violation of the SOP;

   c. By operating under a condition of noncompliance by spraying effluent to spray fields 4, 10, 17, and 18 resulting in overflows of these fields into Quality creek in violation of Part II, Section C 3 of the SOP; and

   d. By failing to fence the spray fields in violation of Part I, A General Requirements of the SOP.

36. Overflows are defined in Part 2.3.3. of the NPDES Permit as " ... any release of sewage from any portion of the collection, transmission, or treatment system other than through permitted outfalls." Part 2.3.3(b) states that "[O]verflows are prohibited."

37. As set forth in the May Notice and the NOVs attached thereto, the lagoons and/or the associated spray fields have overflowed in violation of the NPDES Permit on at least the following occasions:

   a. May 22, 2009;

   b. January 11, 2010 – continuing;

   c. February 1, 2010 –February 28, 2010;

   d. February 16, 2010 – continuing;

e. March 3, 2010 – continuing.

38. The violations listed in the May Notice and the NOV's attached thereto relating to Defendant Mount Pleasant's operation of the lagoons and associated spray fields are continuing and ongoing, or are likely to recur, as of the date this Complaint is being filed.

## CLAIMS

### COUNT 1: DISCHARGING POLLUTANTS TO SURFACE WATERS WITHOUT AN NPDES PERMIT IN VIOLATION OF THE CLEAN WATER ACT

39. Paragraphs 1-38 of this Complaint are hereby realleged and incorporated by reference herein.

40. Defendant Mount Pleasant's discharge of sewage from the lagoons and/or associated spray fields into Quality Creek constitutes the discharge of pollutants from a point source requiring an NPDES Permit authorizing such discharges.

41. Defendant Mount Pleasant has violated Section 301(a) of the CWA, 33 U.S.C. § 1311(a), by discharging sewage from the lagoons and/or associated spray fields into Quality Creek on the occasions referenced in Paragraph 34 above and the May Notice without an NPDES Permit authorizing such discharges.

42. Defendant Mount Pleasant should be subject to an enforcement order or injunction ordering Mount Pleasant to cease its discharges of pollutants without an NPDES permit authorizing such discharges.

43. Defendant Mount Pleasant should be subject to the assessment of civil penalties for these violations pursuant to Sections 309(d) and 505 of the Act, 33 U.S.C. §§ 1319(d) and 1365.

10

44. For the purpose of assessing the maximum penalty which Defendant Mount Pleasant is liable, each day that Mount Pleasant has discharged pollutants without a permit authorizing such discharges constitutes a separate violation of Section 301(a) of the CWA, pursuant to Section 309(d), 33 U.S.C. § 1319(d), for each day on which it has occurred or will occur after the filing of this Complaint.

## COUNT 2: VIOLATION OF THE TERMS OF NPDES PERMIT NO. TN002800 IN VIOLATION OF THE CLEAN WATER ACT

45. Paragraphs 1-44 of this Complaint are hereby realleged and incorporated by reference herein.

46. As set forth in Paragraphs 22 and 24 of this Complaint and in the May Notice attached hereto and incorporated by reference herein, Defendant Mount Pleasant has violated Sections 301(a) and 402 of the CWA, 33 U.S.C§§ 1311(a) and 1342, as well as Tennessee statutes and rules implementing the Act, by repeatedly violating the terms and conditions of the NPDES Permit in its operation of the Mount Pleasant STP.

47. As set forth in Paragraph 35 of this Complaint and in the May Notice attached hereto and incorporated by reference herein, Defendant Mount Pleasant has violated Sections 301(a) and 402 of the CWA, 33 U.S.C§§ 1311(a) and 1342, as well as Tennessee statutes and rules implementing the Act, by failing to properly operate and maintain the lagoons and associated spray fields in violation of the SOP and Part 2.1.4 of the NPDES Permit.

48. As set forth in Paragraph 37 of this Complaint and in the May Notice attached hereto and incorporated by reference herein, Defendant Mount Pleasant has violated Sections 301(a) and 402 of the CWA, 33 U.S.C§§ 1311(a) and 1342, as well as Tennessee statutes and

rules implementing the Act, by prohibited overflows of the lagoons and/or associated spray fields in violation of Part 2.3.3 of the NPDES Permit.

49. Defendant Mount Pleasant should be subject to an enforcement order or injunction ordering Mount Pleasant to cease its violations of NPDES Permit TN002800.

50. Defendant Mount Pleasant should be subject to the assessment of civil penalties for these permit violations pursuant to Sections 309(d) and 505 of the Act, 33 U.S.C. §§ 1319(d) and 1365.

51. For the purpose of assessing the maximum penalty which Defendant Mount Pleasant is liable, each day that Mount Pleasant has violated its NPDES Permit constitutes a separate violation of Section 301(a) of the CWA, pursuant to Section 309(d), 33 U.S.C. § 1319(d), for each day on which it has occurred or will occur after the filing of this Complaint.

## RELIEF REQUESTED

WHEREFORE, Plaintiffs respectfully request that the Court grant the following relief:

a. Enter a declaratory judgment that Defendant Mount Pleasant has violated and is in violation of the CWA, 33 U.S.C. §§ 1311(a) and 1342;

b. Order or Enjoin Defendant Mount Pleasant to cease the discharge of pollutants from point sources into waters of the United States without an NPDES Permit;

c. Order Defendant Mount Pleasant to comply with all effluent limitations and other terms and conditions of coverage under its NPDES Permit;

d. Order Defendant Mount Pleasant to pay civil penalties of up to thirty-seven thousand five hundred dollars ($37,500) per day for each day of each violation of the CWA set out in this Complaint, pursuant to Sections 309(d) and 505(a) of the CWA, 33 U.S.C. § 1319(d) and 1365(a);

e. Award Plaintiffs their costs, including reasonable attorney and expert witness fees, as authorized by Section 505(d) of the CWA, 33 U.S.C. § 1365(d); and

f. Grant such other and further relief as the Court deems just and appropriate.

Respectfully submitted, this the 20th day of September, 2010.

/s/ Gary Davis / J. Whitlock
Gary A. Davis (BPR No. 009766)
James S. Whitlock (N.C. Bar No. 34304)
*Admission Requested Pro Hac Vice*
GARY A. DAVIS & ASSOCIATES
P.O. Box 649
61 North Andrews Avenue
Hot Springs, NC 28743
(828) 622-0044
(828) 622-7610
gadavis@enviroattorney.com
jwhitlock@enviroattorney.com

Alan Stuart Graf (BPR No.24908)
Alan Stuart Graf, PC
316 Second Rd.
Summertown, TN 38483
(931) 964-3123
(931) 964-3127
alangraf@aracnet.com

***Attorneys for Plaintiffs***