UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| ASSOCIATION CONCERNED OVER RESOURCES AND NATURE, INC., <br><br> Plaintiff, <br><br> v. <br><br> CITY OF MOUNT PLEASANT, TENNESSEE, <br><br> Defendant/Third-Party Plaintiff, <br><br> v. <br><br> JAMES C. HAILEY & CO., <br><br> Third-Party Defendant. | Civil Action No. 1:10-cv-00085 <br><br> Judge Sharp <br><br> Magistrate Judge Brown |

## CONSENT DECREE

**WHEREAS**, Defendant City of Mount Pleasant, Tennessee (the "City") is a Tennessee municipality founded in 1824 and located in Maury County, Tennessee, and operates a sewage treatment plant ("STP") and spray fields and lagoon system (the "Spray Field System") to treat wastewater produced by the businesses and citizens of the City.

**WHEREAS**, Plaintiff Association Concerned Over Resources And Nature ("ACORN") is a Tennessee nonprofit corporation based out of Maury County, Tennessee.

**WHEREAS**, ACORN has members who own property and/or reside in Maury County near the STP and/or the Spray Field System and on Sugar Fork Creek and Quality Creek downstream from the STP and the Spray Field System, and members who recreate in Sugar Fork

Creek and Quality Creek, and other waters downstream from the STP and the Spray Field System.

**WHEREAS**, Third-Party Defendant James C. Hailey & Co. ("Hailey") is a Tennessee corporation that has performed work for the City as the operator of the STP.

**WHEREAS**, operations at the STP are covered under the National Pollutant Discharge System ("NPDES"), Permit No. TN0020800.

**WHEREAS**, amongst other things, the City's NPDES Permit states that "[A]ll discharges shall be consistent with the terms and conditions of this permit. Any permit noncompliance constitutes a violation of applicable state and federal laws..."

**WHEREAS**, the Tennessee Department of Environment and Conservation ("TDEC"), following inspections at the City's STP, issued Notices of Violations ("NOVs"), among others, on September 23, 2010 and March 11, 2011.

**WHEREAS**, operations at the Lagoon and Spray Field System are covered under the State Operating Permit System ("SOP"), No. SOP04021.

**WHEREAS**, the City began operating the Lagoon and Spray Field System in December of 2008 as part of its wastewater treatment plan.

**WHEREAS**, the Tennessee Department of Environment and Conservation ("TDEC"), following inspections at the City's Lagoon and Spray Field System, issued Notices of Violations ("NOVs"), among others, on January 21, 2010 and March 11, 2010.

**WHEREAS**, on May 19, 2010, ACORN served a Notice of Intent to File Citizen Suit ("May Notice") pursuant to the federal Clean Water Act, 33 U.S.C. § 1251 *et seq.* ("CWA"), notifying the City and the appropriate state and federal agencies that ACORN intended to file

2

suit pursuant to 33 U.S.C. § 1365(a)(1) arising out of alleged violations by the City of the CWA as a result of the City's operation of its STP and the Spray Field System.

**WHEREAS**, the TDEC and the City entered into a Consent Order and Agreement ("Consent Order") dated July 16, 2010, regarding the matters outlined in the NOVs referenced above issued by the TDEC.

**WHEREAS,** the Consent Order was filed and entered in the State of Tennessee Chancery Court for Davidson County on July 16, 2010.

**WHEREAS**, the Consent Order required, amongst other action, that the City to submit a correction action plan/engineering report regarding the STP and corrections to it.

WHEREAS, the City has drastically improved its wastewater treatment system since its implementation of the Consent Order.

**WHEREAS**, on September 20, 2010, ACORN filed a Complaint (the "Litigation") with the United States District Court for the Middle district of Tennessee, alleging violations by the City of §§ 1311, 1342, and 1365 of the CWA, seeking civil penalties and injunctive relief to abate the alleged ongoing discharge of pollutants into waters of the United States in violation of the CWA and NPDES Permit No. TN0020800.

**WHEREAS,** on October 25, 2010, the City filed a Motion to Dismiss the Litigation arguing that the Court did not have subject matter jurisdiction over a citizen suit filed after the responsible agency had commenced and was diligently prosecuting a civil or criminal action in court (docket entry no. 10).

**WHEREAS**, the Court denied the City's motion to dismiss in an Order issued December 30, 2010 (docket entry no. 35).

**WHEREAS**, on January 21, 2011, the City filed its Answer, disputing all of ACORN's claims and asserting affirmative defenses thereto.

**WHEREAS**, on May 13, 2011, the City filed a Third-Party Complaint against Hailey claiming that any liability it had to ACORN was the responsibility of Hailey.

**WHEREAS**, on June 20, 2011, Hailey filed its Answer to the Third-Party Complaint, disputing the City's claims and asserting affirmative defenses thereto.

**WHEREAS**, on August 25, 2011, ACORN served an Addendum to its May Notice ("August Addendum"), pursuant to the federal Clean Water Act, 33 U.S.C. § 1251 *et seq.* ("CWA"), notifying the City and the appropriate state and federal agencies that ACORN intended to file suit pursuant to 33 U.S.C. § 1365(a)(1) arising out of additional alleged violations by the City of the CWA and as a result of the City's operation of its STP and the Spray Field System.

**WHEREAS**, the parties, in consultation with counsel, hereby agree to resolve the Litigation and any issues that arose or may have arisen in connection with the Litigation in accordance with the terms of this Consent Decree. The parties believe that it is in their mutual best interests that the issues raised in the Litigation be resolved and that they settle their differences by entering into this Consent Decree for purposes of formalizing the terms of settlement and disposing of the Litigation;

**WHEREAS**, a copy of the proposed Consent Decree was received by the Attorney General of the United States and the Administrator of the United States Environmental Protection Agency more than forty-five (45) days before entry of this Consent Decree as required by 33 U.S.C. § 1365(c)(3).

4

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

## I. JURISDICTION

1. This Court has jurisdiction over the parties and subject matter of this action pursuant to Section 505(a) of the CWA, 33 U.S.C. § 1365(a), and 28 U.S.C. § 1331.

## II. INJUNCTIVE RELIEF

2. *Water Quality Documents*. The City shall provide to ACORN concurrent copies of all required reports and correspondence with TDEC concerning compliance with wastewater treatment permits for the STP and the Lagoon and Spray Field System for a period of two years from entry of this Consent Decree.

3. *Water Quality Testing.* The City shall conduct water quality testing on Sugar Fork Creek and Quality Creek within approximately .5 miles upstream and downstream of the STP outfall and the Lagoon and Spray Field System, respectively, for a period a two years from entry of this Consent Decree. Such testing shall be conducted every two months and shall include sampling for the following constituents: nitrates, nitrites, bacteria, including E.coli, suspended solids, B.O.D., dissolved oxygen, and ammonia. Lab analysis, except for dissolved oxygen, shall be performed by Environmental Service Corporation of Mt. Juliet, Tennessee, and a copy of all test results shall be provided to ACORN. Furthermore, the City shall pay up to $600 per year for any water quality testing that may be performed by ACORN in the streams previously identified for the same constituents outlined in this paragraph. ACORN and the City shall provide the other with advance notice of any testing sufficient to allow the other to observe sampling procedures and/or split samples should the parties choose.

5

4. ***Leachate Moratorium.*** The City agrees that it shall not seek a variance from the current moratorium imposed by TDEC in order to accept leachate from the currently proposed Class II landfill located in the City for the disposal of industrial secondary aluminum smelter waste by-product. The City further agrees it shall not, at any time, accept for treatment any wastewater stream, including leachate, that does not comply with the City's pre-treatment program standards.

5. ***Attorneys' and Experts' Fees***. The City and Hailey shall bear the cost of their own attorneys' and experts' fees and costs incurred in connection with the Litigation. ACORN represents that the attorneys' and experts' fees incurred by them in connection with the Litigation are in excess of $40,000. Within fifteen (15) days of entry of this Consent Decree, the City shall pay ACORN a total payment of Forty Thousand Dollars ($40,000) in reimbursement of ACORN's attorneys' and experts' fees. Within fifteen (15) days of entry of this Consent Decree, Hailey shall pay the City a total payment of Twenty Thousand Dollars ($20,000) in reimbursement of half of the City's payment to ACORN. ACORN shall bear its own attorneys' and experts' fees and costs incurred in connection with the Litigation in excess of this amount now and in the future.

6. ***Release.*** ACORN, on behalf of itself and its present and former officers, directors, members, representatives, affiliates, successors and assigns (the "Plaintiff Releasors"), upon payment of the attorney's and expert fees to it by the City as referenced in Paragraph 5, release, covenant not to sue or to seek any legal relief in any state or federal court of administrative proceeding, and forever discharge the City and Hailey, and their respective present and former officers, directors, shareholders, commission members and other elected officials, employees, attorneys, representatives, agents, corporate parents, subsidiaries, affiliates,

successors and assigns (together, the "Defendant Releasees"), jointly and severally, from any and all claims and causes of action which were alleged, or could have been alleged, in the Litigation, and any and all claims, demands, causes of action and liabilities whatsoever, whether matured or unmatured, where known or unknown, which any of the Plaintiff Releasors ever had or may now have against any of the Defendant Releasees, that in any way relate to the past ownership and past operation of the STP and the Spray Field System. The parties acknowledge that this paragraph does not waive or release any claims, demands, or liabilities arising under or in connection with this Consent Decree, nor does it waive or release any claims, demands, or liabilities based on any future events.

### III. GENERAL PROVISIONS

7. *Advice of Counsel.* The parties each mutually represent and warrant that they have carefully reviewed this Consent Decree, have had such opportunity as they think necessary to consult with counsel of their choice concerning it, fully understand its terms, and enter into it freely and voluntarily.

8. *No Admission of Liability.* ACORN's claims in the Litigation are completely disputed by the City, and Hailey disputes any responsibility for any liability the City may have. This Consent Decree is the compromise and settlement of such disputed claims. This Consent Decree and compliance with this Consent Decree shall not constitute, or be construed as, and are not intended to be, an admission concerning the validity of any claim made in the Litigation, or an acknowledgement by any of the parties of any fault, fact, wrongdoing, responsibility, or liability, which are expressly denied.

9. *Modification.* The terms of this Consent Decree shall not be changed, revised or modified except by a written instrument signed by all parties to this Consent Decree, or their

7

privies, representatives, agents, successors, or assigns, and shall not take effect until approved by the Court. The parties hereby expressly stipulate to the adequacy and sufficiency of consideration in and of consideration in and for all mutual covenants contained herein.

10. ***Successors and Assigns.*** This Consent Decree is intended to and shall insure to the benefit of and be binding upon the Parties and their respective legal representatives, successors and assigns.

11. ***Termination of this Litigation.*** Upon entry of this Consent Decree by the Court, this case shall be dismissed with each party bearing its own costs, except that attorney's fees and expert fees shall be payable as set forth in Paragraph 5 of this Consent Decree.

ENTER this ___ day of _____, 2011.

*/s/ Kevin H. Sharp*
JUDGE KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE

8

APPROVED FOR ENTRY:

_____
GARY A. DAVIS
JAMES S. WHITLOCK
GARY A. DAVIS & ASSOCIATES
P.O. Box 649
61 North Andrews Avenue
Hot Springs, NC 28743
(828) 622-0044

*Alan S. Graf* w/permission /s/
_____
ALAN STUART GRAF
ALAN STUART GRAF, P.C.
316 Second Road
Summertown, TN 38483
(931) 964-3123

*Attorneys for Plaintiff*

_____
SHARON O. JACOBS
ANNE C. MARTIN
BONE MCALLESTER NORTON PLLC
511 Union Street, Suite 1600
Nashville, TN 37211
(615) 238-6300


_____
THOMAS W. HARDIN
PATRICK M. CARTER
HARDIN, PARKES, KELLEY
   & CARTER, PLLC
102 West Seventh Street
P. O. Box 929
Columbia, TN 38402-0929
(931) 388-4022

*Attorneys for Defendant,
City of Mount Pleasant, Tennessee*


_____
STEPHEN W. GIBSON
CARRIE S. O'REAR
NORTON, SPANGLER & CRAMER, P.C.
Landmark Center
1111 Northshore Drive, NW, Suite P-270
Knoxville, TN 37919

*Attorneys for Third Party Defendant,
James C. Hailey & Co.*

APPROVED FOR ENTRY:

_____      *(signature)* 
GARY A. DAVIS                    SHARON O. JACOBS
JAMES S. WHITLOCK          ANNE C. MARTIN
GARY A. DAVIS & ASSOCIATES    BONE MCALLESTER NORTON PLLC
P.O. Box 649                       511 Union Street, Suite 1600
61 North Andrews Avenue        Nashville, TN 37211
Hot Springs, NC 28743           (615) 238-6300
(828) 622-0044

_____
ALAN STUART GRAF            THOMAS W. HARDIN
ALAN STUART GRAF, P.C.         PATRICK M. CARTER
316 Second Road                  HARDIN, PARKES, KELLEY
Summertown, TN 38483             & CARTER, PLLC
(931) 964-3123                       102 West Seventh Street
                                    P. O. Box 929
*Attorneys for Plaintiff*              Columbia, TN 38402-0929
                                    (931) 388-4022

*Attorneys for Defendant,*
*City of Mount Pleasant, Tennessee*


_____
STEPHEN W. GIBSON
CARRIE S. O'REAR
NORTON, SPANGLER & CRAMER, P.C.
Landmark Center
1111 Northshore Drive, NW, Suite P-270
Knoxville, TN 37919

*Attorneys for Third Party Defendant,*
*James C. Hailey & Co.*

9

APPROVED FOR ENTRY:

GARY A. DAVIS
JAMES S. WHITLOCK
GARY A. DAVIS & ASSOCIATES
P.O. Box 649
61 North Andrews Avenue
Hot Springs, NC 28743
(828) 622-0044


ALAN STUART GRAF
ALAN STUART GRAF, P.C.
316 Second Road
Summertown, TN 38483
(931) 964-3123

*Attorneys for Plaintiff*


SHARON O. JACOBS
ANNE C. MARTIN
BONE MCALLESTER NORTON PLLC
511 Union Street, Suite 1600
Nashville, TN 37211
(615) 238-6300


*Thomas W Hardin w/permission ACM*
THOMAS W. HARDIN
PATRICK M. CARTER
HARDIN, PARKES, KELLEY
   & CARTER, PLLC
102 West Seventh Street
P. O. Box 929
Columbia, TN 38402-0929
(931) 388-4022

*Attorneys for Defendant,*
*City of Mount Pleasant, Tennessee*


STEPHEN W. GIBSON
CARRIE S. O'REAR
NORTON, SPANGLER & CRAMER, P.C.
Landmark Center
1111 Northshore Drive, NW, Suite P-270
Knoxville, TN 37919

*Attorneys for Third Party Defendant,*
*James C. Hailey & Co.*

9

APPROVED FOR ENTRY:

_____
GARY A. DAVIS
JAMES S. WHITLOCK
GARY A. DAVIS & ASSOCIATES
P.O. Box 649
61 North Andrews Avenue
Hot Springs, NC 28743
(828) 622-0044


_____
ALAN STUART GRAF
ALAN STUART GRAF, P.C.
316 Second Road
Summertown, TN 38483
(931) 964-3123

*Attorneys for Plaintiff*

_____
SHARON O. JACOBS
ANNE C. MARTIN
BONE MCALLESTER NORTON PLLC
511 Union Street, Suite 1600
Nashville, TN 37211
(615) 238-6300


_____
THOMAS W. HARDIN
PATRICK M. CARTER
HARDIN, PARKES, KELLEY
  & CARTER, PLLC
102 West Seventh Street
P. O. Box 929
Columbia, TN 38402-0929
(931) 388-4022

*Attorneys for Defendant,
City of Mount Pleasant, Tennessee*

_____
STEPHEN W. GIBSON
CARRIE S. O'REAR
NORTON, SPANGLER & CRAMER, P.C.
Landmark Center
1111 Northshore Drive, NW, Suite P-270
Knoxville, TN 37919

*Attorneys for Third Party Defendant,
James C. Hailey & Co.*